John W. Carpenter, Esq. (Bar No. 221708)
Technology Licensing Company Inc.
33 ½ Los Pinos
Nicasio, CA 94946
Telephone: (415) 577-0698
Facsimile: (866) 410-6248
Email: john@jwcarpenterlaw.com

*Attorney for Plaintiff*
*Technology Licensing Company Inc.*

**E-filing**

**FILED**
09 SEP 22 PM 2:55
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

*EMC*

| | |
|---|---|
| **Technology Licensing Company, Inc.,**<br><br>Plaintiff<br><br>v.<br><br>**Curtis International Ltd**<br><br>Defendant | Case No.: **CV 09 - 4453**<br><br>**COMPLAINT FOR PATENT INFRINGEMENT, INDUCING PATENT INFRINGEMENT, AND CONTRIBUTORY PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT FOR PATENT INFRINGEMENT INDUCING PATENT INFRINGEMENT, AND CONTRIBUTORY PATENT INFRINGEMENT

Plaintiff, Technology Licensing Company Inc., complains of and for causes of action against Defendant, Curtis International Ltd, alleges as follows:

### Nature of the Case

1. This is an action arising under the Patent Laws and Statutes of the United States in which Plaintiff seeks to recover for patent infringement, and for inducing patent infringement, and for contributory infringement, and for any and all damages and costs flowing therefrom.

### Jurisdiction and Venue

2. The Court has exclusive jurisdiction of the patent infringement claim, the inducement of patent infringement claim, and the contributory infringement claim, all asserted in this case pursuant to the Patent Laws and Statutes of the United States (e.g., 35 U.S.C. §§ 271, *et seq*. and § 281) including 28 U.S.C. §§ 1331, 1338, 2201-2202. Venue is proper in this district under 28 U.S.C § 1391.

### The Parties

3. Plaintiff, Technology Licensing Company Inc. ("Plaintiff") is a California Corporation with a principal place of business in Nicasio, California.

4. Defendant, Curtis International Ltd. ("Defendant") is a Canadian Corporation having a principal place of business in Etobicoke, Ontario, M9W 5C1.

<u>Plaintiff's Patent</u>

5. Plaintiff is the owner of United States No.5,734,862 ("the Patent") which was duly issued on March 31, 1998. The Patent concerns *inter alia* embodiments for a system and method for making and/or viewing DVDs.

## COUNT I
## (Patent Infringement)

6. This COUNT is instituted against Defendant for infringement (i.e., direct infringement) of the Patent.

7. Plaintiff repeats and realleges the allegations set forth in paragraphs 1-5.

8. On information and belief, Defendant is infringing, or has infringed, the Patent in this Judicial District and elsewhere in the United States by manufacturing and/or selling and/or offering for sale and/or importing and/or using embodiments of the invention of the Patent.

9. On information and belief, at least one embodiment of the invention of the Patent which Defendant is infringing, and/or has infringed, operates, at least in part, in accordance with and/or complies, at least in part, with technical standards generally adhered to by the DVD Player Industry.

10. On information and belief, at least one embodiment of the invention of the Patent which Defendant is infringing, or has infringed, operates at least in part in accordance with and/or complies at least in part with "DVD Specifications for read-Only Disc, Part 3 VIDEO

SPECIFICATIONS," Version 1.13, March 2002, published by DVD Format/Logo Licensing Corporation.

11. Plaintiff has suffered damages by reason of Defendant's infringement of the Patent, and will suffer additional damages unless Defendant is enjoined by the Court from continuing to infringe the Patent.

12. On information and belief, Defendant's infringement of the Patent has been willful and deliberate, thus warranting an increase of the damages recoverable by Plaintiff under the provisions of 35 U.S.C. § 284, up to three times the amount of actual damages sustained by Plaintiff, and also making this an exceptional case within the meaning of 35 U.S.C. § 285.

## COUNT II
### (Actively Inducing Patent Infringement)

13. This COUNT is instituted against Defendant for actively inducing patent infringement.

14. Plaintiff repeats and realleges the allegations set forth in paragraphs 1-5.

15. On information and belief, Defendant is manufacturing and/or selling and/or using and/or offering for sale and/or importing to persons in this Judicial District and elsewhere in the United States embodiments of the invention of the Patent.

16. On information and belief, when Defendant makes and sells and/or offers to sell to persons, embodiments of the invention of the Patent in this Judicial District and elsewhere in the United States, the sales are accompanied with documents, written instructions, and/or other instructions, from Defendant on how to operate embodiments of the invention of the Patent.

17. On information and belief, when Defendant accompanies its sales and/or offers to sell to persons with documents, written instructions, and/or other instructions, on how to operate embodiments of the invention of the Patent, Defendant was and is aware that such documents, written instructions, and/or other instructions, are inducing the persons to infringe the claims of the Patent. On further information and belief, Defendant thereby has actively induced and/or is actively inducing the persons in this Judicial District and elsewhere in the United States to infringe the claims of the Patent.

18. On information and belief, at least one embodiment of the invention of the Patent which Defendant is actively inducing infringement, and/or has actively induced infringement, operates, at least in part, in accordance with and/or complies, at least in part, with technical standards generally adhered to by the DVD Player Industry.

19. On information and belief, at least one embodiment of the invention of the Patent which Defendant is actively inducing infringement, and/or has actively induced infringement, operates, at least in part, in accordance with and/or complies at least in part with "DVD Specifications for read-Only Disc, Part 3 VIDEO SPECIFICATIONS," Version 1.13, March 2002, published by DVD Format/Logo Licensing Corporation.

20. Plaintiff has suffered damages by reason of Defendant's active inducement of infringement of the Patent, and will suffer additional damages unless Defendant is enjoined by the Court from continuing to actively induce the infringement of the Patent.

21. On information and belief, Defendant's active inducement of the infringement of the Patent has been willful and deliberate, thus warranting an increase of the damages recoverable by

Plaintiff under the provisions of 35 U.S.C. § 284, up to three times the amount of actual damages sustained by Plaintiff, and also making this an exceptional case within the meaning of 35 U.S.C. § 285.

## COUNT III
### (Contributory Infringement)

22. This COUNT is instituted against Defendant for contributory infringement the Patent.

23. Plaintiff repeats and realleges the allegations set forth in paragraphs 1-5.

24. On information and belief, the embodiments of the invention made and sold by Defendant to persons in this Judicial District and elsewhere in the United States constitute a material part of embodiments of the invention of the Patent. On further information and belief, Defendant knew and knows that such manufacture and sale of embodiments of the invention were and are especially made or especially adapted for use in infringement of the claims of the Patent, and that the embodiments of the invention were and are not staple articles or commodities of commerce suitable for substantial non-infringing use. Accordingly, on further information and belief Defendant has contributory infringed, and/or is contributory infringing, in this Judicial District and elsewhere in the United States the claims of the Patent.

25. On information and belief, at least one embodiment of the invention of the Patent which Defendant is contributory infringing, and/or has contributory infringed, operates, at least in part, in accordance with and/or complies, at least in part, with technical standards generally adhered to by the DVD Player Industry.

26. On information and belief, at least one embodiment of the invention of the Patent which Defendant is contributory infringing, and/or has contributory infringed, operates, at least in part, in accordance with and/or complies, at least in part, with "DVD Specifications for read-Only Disc, Part 3 VIDEO SPECIFICATIONS," Version 1.13, March 2002, published by DVD Format/Logo Licensing Corporation.

27. Plaintiff has suffered damages by reason of Defendant's contributory infringement of the Patent, and will suffer additional damages unless Defendant is enjoined by the Court from continuing contributory infringement of the Patent.

28. On information and belief, Defendant's contributory infringement of the Patent has been willful and deliberate, thus warranting an increase of the damages recoverable by Plaintiff under the provisions of 35 U.S.C. § 284, up to three times the amount of actual damages sustained by Plaintiff, and also making this an exceptional case within the meaning of 35 U.S.C. § 285.

## RELIEF

WHEREFOR PLAINTIFF PRAYS:

(a) For decree and judgment against Defendant and all in privity with Defendant that the Patent is valid and enforceable;

(b) For decree and judgment against Defendant and all in privity with Defendant, that the Patent is, and has been, infringed by Defendant and that Defendant is liable as a patent infringer;

(c) For decree and judgment against Defendant and all in privity with Defendant, that the Patent is, and has been, infringed by active inducement of infringement by Defendant and that Defendant is liable as an active inducer of infringement;

(d) For decree and judgment against Defendant and all in privity with Defendant, that the Patent is, and has been, contributory infringed by Defendant and that Defendant is liable as a contributory infringer;

(e) For an accounting for, and an assignment of, an award of profits derived by Defendant and damages suffered by Plaintiff in consequence of the patent infringement, the active inducement of patent infringement, and the contributory infringement, of the Patent;

(f) For a decree and judgment against Defendant trebling the profits derived by Defendant and damages suffered by Plaintiff pursuant to statute (e.g., 35 U.S.C. § 284);

(g) For an injunction permanently enjoining Defendant, its officers, agents, servants, employees, attorneys and all those in active concert, participation or privity with Defendant from further infringement, and/or active inducement and/or contributory infringement , in any form what ever, of the Patent;

(h) For the costs of this suit, reasonable attorney's fees as provided by statute (e.g., 35 U.S.C. § 285), and an assessment of interest and cost against the Defendant;

(i) For prejudgment interest at the maximum rate allowed by law;

(j) For post judgment interest at the maximum rate allowed by law, from the date of the judgment until paid; and

(k) For such other and further relief which should appear just and equitable to this Court.

## DEMAND FOR JURY TRIAL

In accordance with Civil Local Rule No. 3-6, Plaintiff requests for a trial by jury.

Respectfully submitted,

*/s/ John W. Carpenter*

John W. Carpenter, Esq. (Bar No. 221708)

Technology Licensing Company Inc.
33 ½ Los Pinos
Nicasio, CA 94946
Telephone: (415) 577-0698
Facsimile: (866) 410-6248
Email: john@jwcarpenterlaw.com

Attorneys for Plaintiff
Technology Licensing Company Inc.